UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO .

CIV - UNGARO - BENAGES

EQUAL ACCESS FOR ALL, INC.,
A Florida not-for-profit corporation

and

JOE HOUSTON, an individual

       Plaintiff,
vs.

FAUBEL FAMILY TRUST,
PATRICIA FAUBEL AND WARREN FAUBEL TRUSTEES
U/D/T DATED MARCH 4, 1992

       Defendants.
_____/

### COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF DEMAND

Plaintiffs, **EQUAL ACCESS FOR ALL, INC.**, a Florida not-for-profit corporation, and **JOE HOUSTON**, individually, (sometimes jointly referred to herein as "Plaintiff"), sues the Defendants, **FAUBEL FAMILY TRUST, PATRICIA FAUBEL AND WARREN FAUBEL TRUSTEES, U/D/T DATED MARCH 4, 1992**, for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. ' 12181, et seq., ("ADA").

### JURISDICTION AND VENUE

1.    This action arises from a violation of Title III of the ADA as more fully set forth herein.

1



This Court has original jurisdiction Pursuant to 28 U.S.C. ' 1331 and 28 U.S.C. ' 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

## INTRODUCTION

3. On July 26, 1990, Congress enacted the Americans With Disabilities Act (ADA), 42 U.S.C. ' 12101 et seq., the most important civil rights law for persons with disabilities in our country's history.

4. The Congressional statutory findings include:

(a) Some 49,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(b) Historically, society has isolated and segregated individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(c) Discrimination against individuals with disabilities persists in such critical areas as employment, housing, **public accommodations**, education, transportation, communications, recreation, institutionalization, health services, voting, and access to public services.

(d) Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and

criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities.

(e) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society justifiably is famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non productivity. 42 U.S.C. ' 12101 (a)(1)-(3), (5) and (9).

5. Congress explicitly stated that the purpose of the ADA was:

(a) To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b) To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(c) To invoke the sweep of Congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities 42 U.S.C. ' 12101 (b)(1)(2) and (4).

6. Congress provided commercial businesses 1 1/2 years to implement the requirements imposed by the ADA. The effective date for ADA Title III {ADA ' ' 12181 et seq.}, was January 26,1992, or January 26, 1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181;28 CFR 36.508(a)

## THE PARTIES AND STANDING

7. Plaintiff **EQUAL ACCESS FOR ALL, INC.**, is a Florida not-for-profit corporation. The

members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. **EQUAL ACCESS FOR ALL, INC.**, has also been discriminated against because of its association with its disabled members and their claims.

8. Plaintiff, **JOE HOUSTON** is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. The disabilities of the plaintiff are quadriplegic, muscular disorder which substantially limit his major life activity of walking. In August, 2004, Plaintiff visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and the services offered to the public at the property.

9. The barriers to access at the property described below have effectively denied or diminished Plaintiff's ability to visit the property and have endangered their safety. Barriers to access involving parking and path of travel at this property have posed a risk of injury to the plaintiff's. Every other barrier to access as described in this complaint causes similar risk of injury, embarrassment or discomfort to the Plaintiff's.

10. Plaintiff's have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 17 of this complaint.

11. Plaintiff's desires to visit the defendant's property now and in the future not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. Plaintiff's have reasonable grounds to believe that they are and will continue to be subjected to discrimination in violation of the ADA by the Defendant.

13. Defendant, owns or leases, or leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as, Lauderhill Furniture Power Center located at 1621 NW 40th Avenue, Lauderhill, Florida.

## THE INSTANT CLAIM

14. Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26,1992. 28 CFR ' 36.304(a). In the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

16. Defendant has discriminated against the individual and Plaintiff's by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181, et seq., and 28 CFR 36.302, et seq., as described below.

17. Defendant has discriminated and is discriminating against the Plaintiff's in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26, 1992 (or January 26, 1993, if defendant has ten or fewer employees and gross receipts of $500,000 or less) whose resolution is readily achievable.

## PARKING

1. The disabled use spaces do not have clear and level access isles provided, violating Sections 4.1.2 and 4.6.3 of the ADAAG whose resolution is readily achievable. (See Photo's

2. The accessible parking spaces are improperly dispersed and marked as per US Code 23, Section 109D (Striped in white and prominently outlined in blue), an in violation of Section 4.6.2 of the ADAAG whose resolution is readily achievable.

## EXTERIOR ACCESSIBLE ROUTE

1. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable. (See photo's 7, 8)

## ACCESS TO GOODS AND SERVICES

1. There are permanently designated interior spaces without proper signage in violation of Section s 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable.

2. There are counters throughout the facility in excess of 36" in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3. There are entrance doors at the facility that require tight grasping or pinching or twisting of the wrist to operate, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

## RESTROOMS

1. The sinks in the restrooms provided do not meet the requirements prescribed in Section 4.24 of the ADAAG whose resolution is readily achievable. (See photo 2)

2. The restroom doors have improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable. (See photo 4)

3. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.2.3, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable. (See photo's 1, 5)

4. The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG whose resolution is readily achievable. (See photo's 1, 5, 6)

5. There are dispensers provided for public use in the restrooms that have controls outside the reach ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable. (See photo 3)

6. The restroom doors do not have signage as required by Section 4.30 of the ADAAG whose resolution is readily achievable.

7. The doors to the restrooms in the facility do not provide the proper clearances for a wheelchair user, in violation of Section 4.13.6 of the ADAAG whose resolution is readily achievable. (See photo 4)

18. The discriminatory violations described in Paragraph 17 are **not an exclusive list** of the Defendant's ADA violations. To determine all of the discriminatory acts violating the ADA, Plaintiff's require an inspection of the Defendant's place of public accommodation including the following tenants on the premises businesses.

Tenants: Jamaica Shop, E.C. Travel, Chinese Restaurant, Nails & Spa, Hammonds Bakery, Saint Andre Botanica, Sheer Essance Hair Design, Meat & Fish Market, Dollar Store

19. The correction of these violations of the ADA is readily achievable and/or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

20. Plaintiff have retained the undersigned counsel and are obligated to pay reasonable attorney's fees including costs and expenses incurred in this action. Plaintiff's are entitled to recover these attorney's fees, costs and expenses from the Defendant, pursuant to 42 U.S.C. ' 12205 and 28 CFR 36.505.

21. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has ten or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff's or waived by the Defendant.

22. Plaintiff's are without adequate remedy at law and are suffering irreparable harm now and continuing daily.

23. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiff's Injunctive Relief, including an order to alter the Defendant's facility to make those facilities readily

accessible to the Plaintiff's and all other persons with disabilities as defined by the ADA; or by closing the facility either temporary or permanently until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests that this Court enters its order as follows:

a.  A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b.  An award of attorney's fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

c.  Such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

FISTEL & ROGATINSKY, LLP.
Attorney for Plaintiff
103 N.E.4th Street
Fort Lauderdale, Florida 33301
(954) 763-9210 - Broward/TDD
(954)763-9170/Fax

By:_____
F. Scott Fistel Esquire
Florida Bar # 0817554
Date: 10-8-04









# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
EQUAL ACCESS FOR ALL, INC.
JOE HOUSTON

**DEFENDANTS** CIV-UNGARO-BENAGES
FAUBEL FAMILY TRUST,
PATRICIA FAUBEL AND WARREN FAUBEL,
TRUSTEES
U/D/T DATED MARCH 4, 1992

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE
BROWN

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
FISTEL & ROGATINSKY, LLP
103 NE 4th St., Ft. Lauderdale,
FL 33301 (954) 522-1212

ATTORNEYS (IF KNOWN)
04-CV-61330 UU/STB

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

TITLE III - AMERICAN WITH DISABILITIES ACT 42 U.S.C. § 12181

LENGTH OF TRIAL: 2 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: Oct 12, 04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 32140   AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____