

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CASE NO.: 04-61330- CIV-UNGARO-BENAGES/BROWN

EQUAL ACCESS FOR ALL, INC.,
A Florida not-for-profit corporation

and

JOE HOUSTON, an individual

                Plaintiff,

vs.

FAUBEL FAMILY TRUST,
PATRICIA FAUBEL AND
WARREN FAUBEL TRUSTEES
U/D/T DATED MARCH 4, 1992

                Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Faubel Family Trust, Priscilla Faubel and WarrenWarren Faubel, as Trustees, (Defendants) file their answer and affirmative defenses to Plaintiffs' Complaint. Each numbered paragraph of the answer below corresponds to the same numbered paragraph in Plaintiffs' Complaint. All allegations not specifically admitted herein are denied.

    1.    Defendants admit that Plaintiffs purport to bring a suit under Title III of the Americans with Disabilities Act. Defendants admit that the court has subject matter jurisdiction.

    2.    Defendants admit the allegations contained in paragraph 2.

3. Defendants admit the allegations contained in paragraph 3 insofar as they allege that the ADA became effective on or about July 26, 1990. Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 3 and therefore deny them.

4. The terms of the ADA speak for themself.

5. The terms of the ADA speak for themself.

6. The terms of the ADA speak for themself.

7. Defendants deny the allegations contained in paragraph 6 insofar as they allege that Equal Access for All, Inc. and its members were harmed or were discriminated against or will be harmed or discrimination against in the future. Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 7 and therefore deny them.

8. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 8 and therefore deny them.

9. Defendants deny the allegations contained in paragraph 9.

10. Defendants deny the allegations contained in paragraph 10.

11. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 11 and therefore deny them.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. The regulations promulgated pursuant to Title III of the ADA speak for themself.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17 and all of its subparts.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 20 insofar as they allege that Plaintiffs have retained counsel and therefore deny them. Defendants deny the remaining allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. The terms of Title III of the ADA speak for themself. Defendants deny that Plaintiffs are entitled to any relief under Title III of the ADA.

Any allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff Houston lacks standing in general and as to barriers unrelated to his disability. Plaintiff Equal Access For All, Inc. lacks standing in general and as to barriers unrelated to the disabilities of its members.

### Second Affirmative Defense

Plaintiffs' claims are barred by the equitable doctrines of waiver and estoppel.

### Third Affirmative Defense

At all times relevant, Defendants have made a good faith effort to comply with all requirements of the ADA, and Defendants have reasonable grounds for believing their actions and/or inactions are in compliance with all applicable statutes.

### Fourth Affirmative Defense

The barrier removals requested are not readily achievable and/or are technically infeasible.

## Fifth Affirmative Defense

To the extent Defendants do not own, operate or lease (or lease to) elements of the property Plaintiffs contend are non-compliant with the ADA, Defendants have no obligation pursuant to Title III.

## Sixth Affirmative Defense

Departures from the ADA Accessibility Guidelines in buildings constructed prior to the effective date of Title III of the ADA are not violations of Title III or discrimination.  Any departures from the ADA Accessibility Guidelines relating to new construction or alterations (as those terms are defined) after the effective date of Title III are within conventional building industry tolerances for field conditions.

## Seventh Affirmative Defense

To the extent alleged barriers to access are contained within tenant space, such tenants are contractually obligated to comply with all laws, including the ADA.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.

200 East Broward Boulevard
Suite 1900
Fort Lauderdale, Florida 33301
Telephone: (954) 462-9500
Facsimile: (954) 462-9567


By: s/Glenn M. Rissman
    GLENN M. RISSMAN
    Florida Bar No. 899526
    E-mail: grissman@swmwas.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded, via U.S. Mail, to F. Scott Fistel, Esq., Fistel & Rogatinsky, LLP, 103 N.E. 4th Street, Fort Lauderdale, Florida 33301, on this 28th day of October, 2004.

                                         s/ Glenn M. Rissman
                                        GLENN M. RISSMAN


I:\W-LIT\04397\003\Answer.wpd